UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHRISTOPHER PASCOE     Plaintiff

v.     Civil Action No. 3:23-cv-007-RGJ

STEVE CABRESSA, *et al.*     Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Christopher Pascoe's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss Plaintiff's claims.

**I.**

On January 2, 2023, Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DE 1]. Plaintiff sues the following Defendants in their official capacities: Breckinridge County Circuit Court Clerk Cindy Rhodes and Breckinridge District Judge Steven Cabressa. Plaintiff alleges that twice on June 7, 2022, Plaintiff called to reschedule his June 7, 2022, hearing, and Rhodes denied the requests. [DE 1-1 at 2]. Plaintiff alleges that he once again called to reschedule that court date in July, but Rhodes also denied the request. [*Id.*]. Plaintiff declares that on September 15, 2022, he reached out to Judge Cabressa regarding his hearing on Facebook with no response. [*Id.*] A state court judge issued a bench warrant for failure to appear in that case. [*Id.*]. Plaintiff states that he is "almost sertan the caues of their actions was dirctly linked to the sheriffs office investigation and my crimenal record." [DE 1 at 4].

Based on these allegations, Plaintiff now brings claims against Defendants for violations of the Fifth and Fourteenth Amendments to the United States Constitution and malicious

prosecution. [*Id.* at 3]. Plaintiff seeks compensatory damages and "an appoligey stating what statement or oppinions sheard with the deffendents did they use to justify, or rationalize their actions in their own mind." [*Id.* at 5].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Defendants Cabressa and Rhodes, both state officials sued in their official capacities for money damages, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also* KRS § 30A.010(2) ("clerks are state officers whose duties are coextensive with the Commonwealth"). Thus, Plaintiff fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment). Accordingly, the official-capacity claims against Defendants for monetary damages will be dismissed.

Under Federal Rule of Civil Procedure 15(a), "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Allowing Plaintiff to amend his complaint to sue Defendants in their individual capacities in this instance, however, would be futile

3

because Defendants are absolutely immune for their actions in carrying out their role in the judicial process. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (Court officers, including court clerks, are entitled to absolute quasi-judicial immunity when "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."); *Byas v. Kentucky*, No. 5:16CV-121-TBR, 2017 WL 1319832, at *7 (W.D. Ky. Apr. 6, 2017); *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002). Thus, no reason exists to allow Plaintiff to amend his claims against Defendants pursuant to *LaFountain*.

In addition, Plaintiff's request for injunctive relief in the form of an apology from Defendants fails to state a claim. *See Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002); *Burkes v. Tranquilli*, No. 08-474, 2008 WL 2682606 at *4 (W.D. Pa. July 2, 2008) ("To the extent that Plaintiff's requested relief regarding an apology can be construed as a request for injunctive relief against the Defendants, such a claim for injunctive relief fails to state a claim as a matter of law.").

Accordingly, Plaintiff's official-capacity claims against Cabressa and Rhodes for monetary and injunctive relief must be dismissed for seeking monetary damages from defendants immune from such relief and for failure to state a claim upon which relief may be granted. Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law malicious prosecution claim. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claim will be dismissed without prejudice.

## IV.

For these reasons, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
A961.014